# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID R. BENTZ (S-03210), | ) | |
| Plaintiff, | ) | Case No. 12 C 10426 |
| | ) | |
| v. | ) | Judge Sharon J. Coleman |
| | ) | |
| MARCUS HARDY, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff David R. Bentz (hereinafter, "Plaintiff" or "Bentz") is an inmate currently incarcerated at Menard Correctional Center. Plaintiff filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983 alleging that he was subjected to unconstitutional conditions of confinement while incarcerated at Stateville Correctional Center (hereinafter, "Stateville"). Defendants Marcus Hardy, Randy Pfister, Cynthia Harris, Louis Kovach, and Anthony Robinson, officials or former officials at Stateville, have filed a motion for summary judgment (Dkt. No. 54.). For the reasons that follow, the motion is granted.

**Local Rule 56.1**

Because Plaintiff is a *pro se* litigant, Defendants served him with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" as required by Northern District of Illinois Local Rule 56.2. (Dkt. No. 58). The notice explains the consequences of failing to properly respond to a motion for summary judgment and statement of material facts under Federal Rule of Civil Procedure 56 and Local Rule 56.1.

Local Rule 56.1 "is designed, in part, to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is

necessary." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (internal citation omitted). Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). In turn, "[t]he opposing party is required to file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon.'" *Id.* (quoting N.D. Ill. R. 56.1(b)(3)(B)). Local Rule 56.1(b)(3)(C) requires the nonmoving party to present a separate statement of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon to support the statement of additional facts. *See Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 643–44 (7th Cir. 2008).

The purpose of Local Rule 56.1 statements and responses is to identify the relevant admissible evidence supporting the material facts, not to make factual or legal arguments. *See Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006) (holding that statement of facts did not comply with Rule 56.1 "as it failed to adequately cite the record and was filled with irrelevant information, legal arguments, and conjecture"). "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Cracco*, 559 F.3d at 632; *see also Frey Corp. v. City of Peoria, Ill.*, 735 F.3d 505, 513 (7th Cir. 2013). In sum, "[f]or litigants appearing in the Northern District of Illinois, the Rule 56.1 statement is a critical, and required, component of a litigant's response to a motion for summary judgment. The purpose of the local rule is to make the summary judgment process less burdensome on district courts, by requiring

the parties to nail down the relevant facts and the way they propose to support them." *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 398 (7th Cir. 2012).

Here, Plaintiff chose not to respond to all but three of the Defendant's statements of uncontested facts, and those to which he did respond are merely background facts regarding his complaint and place of incarceration. Rather, he attempts to make a blanket denial of all other facts "not described within Plaintiff's complaint." (*See* Dkt. No. 64, Pl.'s Resp. To Defs.' Mot. for Summ. J., at pg. 2.) This type of blanket denial, with no citation to any evidence in the record, runs afoul of the dictates of Local Rule 56.1. As such, this court deems the Defendants' Local Rule 56.1 Statement of Uncontested Facts to be admitted. *See* N.D. Ill. L.R. 56.1(b)(3)(B), (C); *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013).

Additionally, Plaintiff argues that Defendants should not be able to use his unsigned deposition transcript in support of their motion for summary judgment because he requested the opportunity to review the deposition prior to signing it, and Defendants did not provide him with a copy. However, Plaintiff was sent a copy of the deposition transcript as an exhibit to this motion, and he has not pointed out any errors or inaccuracies within it. Further, in ruling on this motion, the Court would be obligated to disregard any change in substance that contradicted the transcript, unless it [could] plausibly be represented as the correction of an error in transcription, such as dropping a "not." *Thorn v. Sundstrand Aero Corp.*, 207 F.3d 383, 389 (7th Cir. 2000.) Therefore, the Court will consider the unsigned transcript as evidence.

**Background**

Plaintiff was an inmate at Stateville at the time of the occurrences alleged in his amended complaint. (Defs.' 56.1(a)(3) Statement ¶ 1.) Defendant Marcus Hardy was then the warden at

3

Stateville, while Defendant Randy Pfister was an assistant warden. (*Id.* at ¶¶ 2,3.) Defendant Louis Kovach was a correctional officer at Stateville during the relevant time period, Defendant Anthony Robinson was a lieutenant, and Defendant Cynthia Harris was a counselor. (*Id.* at ¶¶ 4-6.)

Plaintiff filed suit pursuant to 42 U.S.C. § 1983 alleging that the conditions of his confinement at Stateville from March 16, 2010 through August 19, 2010, were unconstitutional. (*Id.* at ¶ 8.) Plaintiff makes allegations concerning a number of conditions that he contends combined to amount to cruel and unusual punishment under the Eighth Amendment.

First, Plaintiff alleges that upon arrival at F-House, Unit 227, the cell was filthy. (*Id.* at ¶ 9.) Plaintiff requested cleaning supplies, and was given a small cup of disinfectant. (*Id.*) Plaintiff contends that the sink in his cell did not function properly, and the cold water would only drip out after hitting the cold water button. (*Id.* at ¶ 10.) The hot water worked properly. (*Id.*)

Plaintiff noticed cockroaches in his cell, the insects crawled on him and woke him up in the middle of the night. (*Id.* at ¶ 11.) The cockroaches did not bite Plaintiff, and he did not get any diseases from them. (*Id.*) The cell also had insects that Plaintiff believed to be earwigs, but the earwigs did not bite Plaintiff. (*Id.* at ¶ 12.) The Illinois Department of Corrections (hereinafter, "IDOC") has a contract with Critter Ridder, a pest control service. (*Id.* at ¶ 13.) During the time period that Plaintiff was housed in F-House, Critter Ridder servicemen sprayed

F-House for pests each month. (*Id.*) Specifically, serviceman Roy Beeson sprayed F-House on March 18, 2010, April 22, 2010, May, 20, 2010, June 21, 2010, and July 22, 2010.[1] (*Id.*)

According to Plaintiff, the stool inside his cell was a piece of sheet metal with sharp, rusty edges. (*Id.* at ¶ 14.) However, the stool never cut him, and Plaintiff never sought any medical treatment related to the stool. (*Id.*) Plaintiff described the paint and plaster in his cell as peeling off the walls, but he is not aware of any injury caused by this condition. (*Id.* at ¶ 15.)

Plaintiff contends that the ceiling and walls of his cell leaked in the rain, causing the bedding on the top bunk to become wet. (*Id.* at ¶ 16.) However, most of the time Plaintiff was in the cell by himself, and did not sleep in the top bunk. (*Id.*) Additionally, the window on the left side of his cell would not close, staying open at a 45 degree angle. (*Id.* at ¶ 17.) Because the window would not close, water came into Plaintiff's cell. (*Id.*) Additionally, the open window exposed him to cold of 50 degrees and heat of 90 degrees and above. (*Id.* at ¶ 18.) Plaintiff was issued three T-shirts, three pairs of boxers, two shirts, two pairs of pants, two pairs of socks, sheets, a pillow case and a blanket. (*Id.*) Additional clothing was available for purchase. (*Id.*)

Plaintiff contends that the water entering his cell through the window would cause the electrical outlet and light switch to get wet. (*Id.* at ¶ 19.) When the light switch was wet, Plaintiff received electrical shocks when he turned on the light switch. (*Id.*) He never sought medical treatment for those shocks, however. (*Id.*)

---

[1] Defendants' Statement of Uncontested Facts erroneously states that the F-Unit was sprayed on July 20, 2010; their supporting documentation indicates that the extermination occurred on July 22, 2010. (Dkt. No. 56-3, at pg. 86.)

5

Finally, Plaintiff contends that he did not receive a breakfast tray on three occasions. (*Id.* at ¶ 20.) The officers who handed out the trays on those days are not defendants in this case, however. (*Id.*)

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining the existence of a genuine issue of material fact, a court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Weber v. Univs. Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009) (citing *Anderson*, 477 U.S. at 249–50). "The only question is whether there is a genuine issue of fact." *Id.*

Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Sarver v. Experian Infor. Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (internal citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's*

*Dept.*, 602 F.3d 845, 849 (7th Cir. 2010) (quoting *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008)).

"If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50. The inquiry is essentially "whether the evidence presents a sufficient disagreement to require submission to the jury, or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

**Discussion**

Defendants move for summary judgment on the ground that the conditions of Plaintiff's confinement, collectively, do not rise to the level of a constitutional deprivation. Defendants also argue that Stateville's extermination contract, and the evidence of regular extermination in the unit where Plaintiff was housed, defeats any claim of deliberate indifference as to the insect population in the jail.

The Eighth Amendment prohibition on cruel and unusual punishment is applicable to the states through the Fourteenth Amendment. *Harris v. Fleming*, 839 F.2d 1232, 1234 (7th Cir. 1988). Lawsuits brought under the Eighth Amendment have been a means of improving prison conditions that are constitutionally unacceptable. *Id.* The Eighth Amendment prohibits not only "barbarous physical punishment," but conditions of confinement that "involve the unnecessary and wanton infliction of pain" or are "grossly disproportionate to the severity of the crime." *Id.* (internal citations and quotations omitted). Specifically, prison conditions cannot be so harsh as to "deprive inmates of the minimal civilized measure of life's necessities." *Id.* (quoting *Chapman*, 452 U.S. at 347).

Correctional officers must ensure that inmates receive "adequate food, clothing, shelter, protection, and medical care. *Oliver v. Deen*, 77 F.3d 156, 159 (7th Cir. 1996). However, although the Eighth Amendment requires jail officials to provide "humane conditions of confinement," not every injury or deprivation translates into constitutional liability. *Farmer v. Brennan*, 511 U.S. 825, 832–34 (1994); *see Chapman*, 452 U.S. at 347 (noting that conditions of confinement are not unconstitutional merely because they are restrictive or even harsh). Rather, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of serious injury. *Henderson v. Sheahan*, 196 F.3d 839, 844–45 (7th Cir. 1999). In determining whether there is has been a constitutional violation, the court must consider the totality of the circumstances. *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987) (internal citations omitted).

A deliberate indifference claim has both an objective and subjective component. *Henderson*, 196 F.3d at 845. To satisfy the objective component, the deprivation alleged must be "objectively, 'sufficiently serious.'" *Id.* (internal citations omitted.) In particular, the U.S. Supreme Court has held that "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The subjective component requires that jail officials knew of a serious risk of injury to the prisoner, but nonetheless failed to take reasonable measures to prevent the harm from occurring. *Henderson*, 196 F.3d at 845.

Here, the Court finds that none of the deprivations of which Plaintiff complains, considered either separately or collectively, rise to the level of an objectively, sufficiently serious injury. Plaintiff has not identified any physical injuries as a result of the conditions of which he

8

complains, and his own deposition testimony shows that while the conditions of his confinement were certainly unpleasant, they fell short of the extreme deprivations required to establish a claim under the Eighth Amendment. *See Sanchez v. Walker*, No. 09 C 2289, 2010 U.S. Dist. LEXIS 134566, at *25–*28 (N.D. Ill. December 17, 2010) (rejecting Eighth Amendment claim where inmate complained of a stained toilet, lack of cleaning supplies, and insects and mice in his cell). In *Sanchez*, which like the instant case involved the conditions of confinement in the F-House at Stateville, this Court observed that the plaintiff, who complained of a lack of cleaning supplies, could have used hot water and his own clothing to clean his cell. *Id.* at *25–*26. The same is true here, as there is no dispute that the hot water in Plaintiff's cell was working properly, nor is there any dispute that Plaintiff was given a cup of disinfectant which he could have used to clean his cell.

Similarly, Plaintiff's insect-related claims do not rise to the level of a constitutional deprivation. There is no dispute that exterminators sprayed the F-House each month during the relevant time period, and Plaintiff does not complain of any insect bites or health problems caused by the insects. (*See* Pl.'s Dep., Dkt. No. 56-2, at 53:17-54:24.) Those cases in which an insect infestation has been found to support an Eighth Amendment claim involve "a prolonged deprivation seriously impacting [the inmate's] health." *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996); *see White v. Monohan,* 326 Fed. App'x 385, 388 (7th Cir. 2009) (finding inmate stated Eighth Amendment claim based on pest infestation where he alleged that he had been bitten by roaches, spiders, wasps, and bees for more than five years, leaving him with multiple scars, wounds, and sores). The conditions complained of here are not so extreme. Moreover, the Seventh Circuit has held that a policy of monthly exterminations, as was in place at Stateville in

9

the instant case, negates a showing of deliberate indifference. *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008). Again, while the conditions Plaintiff complains of in regard to the alleged pest infestation in his cell were certainly unpleasant, they were not so extreme as to support a claim for a violation of his Eighth Amendment rights.

In regard to the paint and plaster that Plaintiff contends fell from the ceiling and walls of his cell, but again, Plaintiff again acknowledges that did not suffer any physical injury due to this condition. (*See* Pl.'s Dep., Dkt. No. 56-2, at 56:18-57:22.) Similarly, while the rusty stool in his cell was "useless" and "in the way," it never caused Plaintiff any injuries. (*Id.* at 55:14-18.) In regard to the leaks in his cell, Plaintiff acknowledged that the leak in the ceiling primarily affected the top bunk, which he rarely used. (*Id.* at 40:12-21.) A leaky ceiling during rainstorms, without more, is insufficient to state a constitutional claim. *See Wilson v. Schomig*, 863 F. Supp. 789, 794–95 (N.D. Ill. 1994).

Plaintiff does contend that he received electrical shocks due to water entering the cell through the broken window, which caused the light switch and outlets to get wet. However, he described the shock as "no more injury than sticking your finger in an outlet." (*See* Pl.'s Dep., Dkt. No. 56-2, at 50:7-8.) He never sought medical treatment due to these shocks. (*Id.* at 50:12-14.) While this perhaps presents a closer question, given that Plaintiff alleges injuries due to the wet electrical switch, it still does not rise to the level of a constitutional deprivation. *See Morrisette v. Peters*, 45 F.3d 1119, 1123 (7th Cir. 1994) (finding that claim of faulty wiring that posed a minor hazard was insufficient to state a claim under the Eighth Amendment).

Plaintiff's allegation that the defective window subjected him to temperatures below 50 degrees and above 90 degrees similarly falls short of establishing a constitutional claim. The

five-month period complained-of in Plaintiff's complaint occurred during spring and summer, and Plaintiff had adequate clothing to stave off the cold. (*See* Pl.'s Dep., Dkt. No. 56-2, at 11:6-20.) In regard to this claim, Plaintiff has "described nothing more than discomfort." *Robinson v. Ill. State Corr. Ctr.*, 94 C 1688, 1996 U.S. Dist. LEXIS 4726, at *8 (N.D. Ill April 10, 1996). "Comfortable prisons, however, are not a constitutional mandate." *Id.*

Considered collectively, Plaintiff's claims do not rise to the level of a constitutional deprivation. *See Fleming*, 839 F.3d at 1235–36 (rejecting a conditions of confinement by an inmate alleging he was kept in filthy cell without toilet paper, soap, a toothbrush, or toothpaste for several days). As in *Fleming*, while Plaintiff "experienced considerable unpleasantness, he suffered no physical harm." *Id.* at 1235. Therefore, Defendants' motion for summary judgment is granted.

If Plaintiff wishes to appeal this final judgment, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Ill. Dept. of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). The Plaintiff is warned that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury.

**Conclusion**

For the foregoing reasons, Defendants' motion for summary judgment (Dkt. No. 54) is granted. Plaintiff's motion for extension of time to respond to Defendants' motion for summary judgment (Dkt. No. 62) is granted; Plaintiff submitted his response shortly after the filing of that motion. Finally, Plaintiff submitted a motion seeking a copy of the docket sheet in this case. (Dkt. No. 63.) The motion is granted, and the Clerk is directed to provide a copy of the docket sheet to Plaintiff along with this ruling. This case is closed.

ENTERED:

Dated: January 20, 2015

                                       SHARON JOHNSON COLEMAN
                                       United States District Court Judge