IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| David Robert Bentz ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Marcus Hardy ) <br> ) <br> Defendants. ) <br> ) | Case No.: 1:12-cv-10426 <br><br> Judge Sharon Johnson Coleman |

THIRD AMENDED COMPLAINT

David Robert Bentz, the Plaintiff, by counsel, for his complaint against the Defendants, states as follows:

Nature of the Action

1. This action arises under the Eighth and Fourteenth Amendments to the United States Constitution and pursuant to 42 US 1983.

Jurisdiction and Venue

2. This action alleges violations of the Eighth and Fourteenth Amendments to the Constitution of the United States and seeks relief pursuant to 42 USC 1983 and is therefore within the jurisdiction of this Court under 28 USC 1331 and 28 USC 1343.

3. Plaintiff exhausted all administrative remedies available to him.

4. Venue is proper in this Court under 28 U.S.C. § 1392(b)(2) because the events giving rise to the claims of Plaintiff occurred in this district.

Parties

5. David Robert Bentz, the Plaintiff, is and was, at all pertinent times, in the custody of the Illinois Department of Corrections; he currently resides at Menard Correctional Center but was, at the time of the events set forth herein, a resident of the Stateville Correctional Center.

6. Defendant, Marcus Hardy, was at all pertinent times, the Chief Administrator of the Stateville Correctional Center and an employee of the State of Illinois, and he acted at all times relevant to this action, in both his individual and official capacities and under the color of state law within the meaning of 42 USC 1983.

7. Defendant, Randy Pfister, was at all pertinent times, the Assistant Warden of the Stateville Correctional Center and an employee of the State of Illinois, and he acted at all times relevant to this action, in both his individual and official capacities and under the color of state law within the meaning of 42 USC 1983.

8. Defendant, Louis Kovach, was at all pertinent times, an official of the Stateville Correctional Center and an employee of the State of Illinois, and he acted at all times relevant to this action, in both his individual and

official capacities and under the color of state law within the meaning of 42 USC 1983.

9. Defendant, Anthony Robison, was at all pertinent times, official of the Stateville Correctional Center and an employee of the State of Illinois, and he acted at all times relevant to this action, in both his individual and official capacities and under the color of state law within the meaning of 42 USC 1983.

10. Upon information and belief, each of the Defendants was the agent and/or the principal for one another, and was acting within the scope of such agency when engaging in the misconduct alleged herein, and is jointly and severally liable for all damages arising as a result thereof.

## Claim for Relief

11. On or about March 23, 2010, the Plaintiff, David Robert Bentz, was placed into and confined in a segregated cell, No. 227, at Stateville Correctional Center, and remained confined to the cell continuously through August, 2010.

12. At all times the cell was unfit for human habitation, in that:
    a. The casement window of the cell, the approximate size of which was four feet high by two feet wide, was stuck in an open position, by reason of which it could be not closed to a position of less than forty-five degrees open, that left a foot or more as a gap for its entire length;

3

    exposing Bentz to cold Winter and Spring weather, allowing rain water to enter the cell and run down the wall, leaving puddles on the floor and compromising the wall switch which controlled the lighting in the cell, the use of which resulted in shocks to Bentz, and exposed Bentz directly to rain when he had need to use the toilet in the cell;

  b. The ceiling of the cell leaked, soaking the top bunk in the cell, on which Bentz had to sleep on those occasions upon which he was confined with a cellmate.

  c. Cockroaches and earwigs infested the cell, crawling on Bentz at night and preventing sleep;

13. Plaintiff brought the conditions to the attention of each Defendant.

14. The conditions described above posed a substantial risk of serious harm to the health and safety of the Plaintiff, including but not limited to his exposure to cold, rain, electrical shocks, insects, mold and mildew;

15. Each of the Defendants was deliberately indifferent to the health and safety of the Plaintiff posed by the said conditions.

16. As a direct and proximate result the Plaintiff was subjected to harm sufficient to support a claim of cruel and unusual punishment, in that:

  a. The defective window was not repaired or replaced;

  b. The ceiling and wall were not repaired;

  c. Nothing reasonable was done to eliminate the infestation of insects;

4

17. As a direct and proximate result the Defendant suffered actual harm, both physical and emotion, in that he suffered cold, pain, loss of sleep, electrical shocks, and emotional distress.

18. By reason of the foregoing, each of the Defendants deprived the Plaintiff of his constitutionally protected rights including but not limited to the right to be free of cruel and unusual punishment guaranteed by the Eighth Amendment of the Constitution of the United States, which entitles the Plaintiff to an award of compensatory damages.

19. The conduct of each Defendant was in reckless disregard of the rights of the Plaintiff, in that each Defendant demonstrated a complete indifference to the rights and safety of the Plaintiff, which entitles the Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff prays for the following relief against each Defendant:

    A. For compensatory damages in an amount to be determined at trial;

    B. For punitive damages;

    C. For attorney's fees pursuant to 42 USC 1988;

    D. For such other and further relief as the Court deems just, together within an award of his costs herein.

**THE PLAINTIFF DEMANDS TRIAL BY JURY**

October 12, 2016

                                    s/Richard E. Steck
                                    Richard E. Steck
                                    Attorney for Plaintiff

Richard E. Steck
Richard E. Steck and Associates
Attorney for Plaintiff
140 South Dearborn Street
Suite 1610
Chicago, Illinois 60603
(312) 236-4200
Airsteck@usa.net

CERTIFICATE OF SERVICE

      I, Richard E. Steck certify I have caused copies of the above and foregoing Answer to Complaint to be served upon all counsel of record by electronic means through the court's transmission facilities, CM/ECF, in satisfaction of Federal Rule of Civil Procedure 5(a) and in accordance with Federal Rule of Civil Procedure 5(b)(2)(c), this 12th day of October, 2016.

                                    s/Richard E.Steck
                                    Attorney for Plaintiff